**UNITED STATES of America,**

v.

**Nathaniel MAPP, Appellant.**

No. 01–3614.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 34.1(a) Sept. 15, 2003.

Decided Sept. 30, 2003.

900

Joseph T. Labrum, III, Office of United States Attorney, Philadelphia, PA, for Appellee.

Peter A. Levin, Philadelphia, PA, for Appellant.

Before ALITO, AMBRO, and CHERTOFF, Circuit Judges.

## OPINION

ALITO, Circuit Judge.

In this appeal, Nathaniel Mapp argues that the District Court committed plain error in failing to provide in its order of restitution that Mapp and his coconspirators were jointly and severally liable. Mapp fears that the order will be interpreted to require him to pay restitution for the full amount of the victim's loss regardless of amounts paid by his coconspirators.

The government responds to Mapp's argument as follows:

> Although the record of Mapp's case does not explicitly set forth that the restitution obligation was to be joint and several with his other co-defendants, it is clear from an examination of the criminal judgment entered in the co-defendant's case that it was the intent of the District Court to make Mapp's restitution obligation of $211,000 joint and several with that of his co-defendants, Nathaniel Williams, William Alan, Rhonda Kersey and Clifton Anthony Reeves.

Brief for Appellee at 13. Accordingly, the government concedes that a remand for clarification of the scope of the restitution order is appropriate.

For these reasons, the judgment of the District Court is vacated insofar as it requires the appellants to pay restitution, and the case is remanded for the entry of a new order of restitution that addresses the question of joint and several liability.